# United States District Court
# Northern District of Indiana

| | |
|---|---|
| JOHN G. GORCZYCA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:12-CV-125 JVB |
| v. | ) |
| | ) |
| LT. CATHY LEE, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

John G. Gorczyca, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. Though "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*,

550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Gorczyca explains that after he had been convicted and while he was serving his sentence at the Grant County Jail, he was housed in the protective custody/sex offender cell block. While there, he complained about a conflict he was having with another inmate. As a result, he was moved to the medical cell block. Gorczyca believes that the other inmate should have been moved instead of him. But convicted prisoners can be relocated at any time without notice. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Therefore neither his original placement nor his transfer to the medical unit violated his Constitutional rights.

In the medical unit, Gorczyca alleges that he was assigned to a top bunk, but that he is not physically capable of climbing into it. As a result, he says that he sleeps on the floor even though it is also difficult for him to get up from the floor. In addition, he alleges that he is not receiving needed pain medication. A violation of the Eighth Amendment's Cruel and Unusual Punishments Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In medical cases, such as this one,

2

the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The only defendant named in this complaint is Lt. Cathy Lee, the jail commander. Based on the facts alleged, it is not plausible that Lt. Lee was deliberately indifferent to Gorczyca's medical needs because he is housed in the medical unit. *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." (ellipsis omitted) quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)). Here, Gorczyca has not provided any facts which would indicate that Lt. Lee should not have relied on the medical staff at the jail to diagnose and treat his medical needs. Therefore, he does not state a claim against Lt. Lee based on his medical care.

Finally, Gorczyca alleges that because there is no place to sit and watch television in the dayroom, he must stand. He also alleges that because he is unable to stand for long periods of time, he must lay down and is unable to watch television. Accepting these facts as true, they do not state a claim. Sitting and watching television is not among the minimal civilized measures of life's necessities. "[T]he denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue." *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). Television is among them. Therefore Gorczyca does not state a claim.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on May 31, 2012.

    s/Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division